IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HARVEY L. PHYNON, #872289,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-CV-0012-G |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID).  Respondent is the Director of TDCJ-CID. Although the court did not issue process in this case, it directed Respondent to file a preliminary response addressing the timeliness of the habeas petition filed in this case.

Statement of the Case:  Petitioner pled guilty to possession with intent to deliver a controlled substance, and pled true to the enhancement paragraph, in Criminal District Court No. 2, Dallas County, Texas, in cause number F98-55156.  (Petition for Writ of Habeas Corpus (Pet.)

at 2). Punishment was assessed at fifteen years imprisonment. (Id.). The Court of Appeals for the Fifth District of Texas at Dallas affirmed his conviction. See Phynon v. State, No. 05-99-00816-CR (Tex. App., Dallas, Feb. 12, 2001, no pet). Although Petitioner was granted an extension until May 14, 2001, to file his petition for discretionary review (PDR), he did not file the same. See March 15, 2001 Order of the Court of Criminal Appeals granting extension to file PDR in Phynon v. State, No. 05-99-00816-CR.

Petitioner filed two applications for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure -- the first one on April 24, 2001, and the second one on January 29, 2003. Ex parte Phynon, No. WR-49,517-01 and 02, at 2. The Texas Court of Criminal Appeals dismissed the first application on July 25, 2001, because Petitioner's direct appeal was pending as of its filing, Ex parte Phynon, No. WR-49,517-01, at cover, and denied the second application without written order on the findings of the trial court without a hearing on December 10, 2003, Ex parte Phynon, No. WR-49,517-02, at cover.

Thereafter, on January 5, 2004, Petitioner filed the instant federal petition for writ of habeas corpus. (Pet. at 1). In three grounds of error, he asserts his guilty plea was involuntary and counsel rendered ineffective assistance of counsel in connection with his guilty plea. (Id. at 7).[1]

---

[1] Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Petitioner failed to include the date on which he signed his petition. (See Pet. at 9). However, his certificate of inmate trust account, which he mailed to this court along with his petition and request for leave to proceed *in forma pauperis,* was certified as of December 31, 2003. Therefore, for purposes of this recommendation, the petition is deemed filed on December 31, 2003, the earliest possible date on which Petitioner could have placed it along with his certificate of trust account in the prison mail.
Even if the petition was mailed on December 2, 2003, see affidavit attached as Exh. B to

In response to this court's order, Respondent filed a preliminary response, alleging the petition is time barred. Petitioner has not filed a reply.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

---

Respondent's preliminary response, the petition would still be untimely.

Petitioner's conviction became final on May 14, 2001, the last day on which Petitioner could have filed a PDR with the Texas Court of Criminal Appeals according to the order of extension dated March 15, 2001. (Respondent's Answer at 2 and Exhibit A).[2]  Therefore, the one-year period began to run on May 15, 2001, the day after Petitioner's conviction became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired one year later on May 14, 2002 – 596 days before the federal petition filed in this case.  See note 1, *supra*.

While 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of a properly filed state habeas application, statutory tolling is unavailable in this case.  Petitioner's first state application was not "properly filed" and his second state application was not pending in state court during the one-year limitation period.  Petitioner filed his first state writ on April 24, 2001, 98 days *before* the Court of Appeals issued a mandate in his direct appeal.  The Fifth Circuit has held that an art. 11.07 application filed, as in this case, *before* the issuance of a mandate by the state court of appeals was *not* "properly filed" and, thus, could not toll the one-year limitation period.  Larry v. Dretke, 361 F.3d 890, 893-95 (5th Cir. 2004), cert. denied, 125 S.Ct. 141 (2004).  Petitioner filed his second state application on January 29, 2003, 260 days *after* the expiration of the one-year limitation period.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas petition did not toll one-year limitation period where it was filed after one-year period had expired).  Therefore, Petitioner's federal petition is time barred absent equitable tolling.

---

[2]  Although the court of appeals issued a mandate on July 31, 2001, that date does not control the limitation analysis in this case.  The Fifth Circuit has held that issuance of a mandate does not determine when a conviction becomes final for purposes of the AEDPA one-year limitation period.  See Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003).

4

Petitioner does not rely on the doctrine of equitable tolling. Nevertheless, his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling, Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000).

Following the dismissal of his first application, Petitioner waited one and one-half years before submitting his second state application for filing. It appears, that Petitioner deliberately delayed the filing of his second application although he was well aware long before the expiration of the one-year period that his first state application was premature. (See Memorandum in Support of Pet. at 1). Following the denial of his second art. 11.07 application, Petitioner waited an approximately twenty days before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, the court concludes that Petitioner is not entitled to equitable tolling.[3]

---

[3] This is not a case in which the petitioner was unaware that the state application was premature or deficient in any ways until after the running of the one-year period. See Morrison v. Dretke, 2004 WL 2870060, No. 2:03-CV-0442 (N.D. Tex., Amarillo Div., Dec. 13, 2004) (holding petitioner was entitled to equitable tolling because he was not put on notice that his first state habeas application was deficient until it was returned by the county district clerk after the one-year statute of limitations had expired). As a matter of fact, the State's response and the Court of Criminal Appeals decision specifically put Petitioner on notice, during the first

RECOMMENDATION:

For the foregoing reasons the Magistrate Judge recommends that the District Court dismiss with prejudice the petition for writ of habeas corpus as barred by the one-year limitation period.  See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 3rd day of October, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

few months of the one-year limitation period, that his first state application was premature because it had been filed prior to issuance of a mandate by the court of appeals.  See Ex parte Phynon, WR-49,517-01, at cove and 13-14.